IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAURA PENDERGEST-HOLT, R. ALLEN STANFORD, GILBERTO LOPEZ, JR. and MARK KUHRT, *Plaintiffs*, vs. CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON and ARCH SPECIALTY INSURANCE COMPANY, *Defendants*. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:09-cv-03712 (J. Hittner) |

## UNDERWRITERS' MOTION IN THE ALTERNATIVE TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF TEXAS

Certain Underwriters at Lloyd's of London and Arch Specialty Insurance Company (collectively "Underwriters")[1] file this Motion in the Alternative to Transfer this Case to the Northern District of Texas, and show as follows:

*Preliminary Statement*

Underwriters have already filed a Motion to Dismiss Plaintiffs' request for a preliminary injunction based on lack of subject-matter jurisdiction and because

---

[1] Underwriters include Lloyd's of London Underwriting Members in Syndicates 2987, 2488, 1886, 2623, 1084, 4000, 1183, 1083, 1274 and 623, and Arch Specialty Insurance Company. Underwriters issued certain insurance policies to Stanford Financial Group Company and its affiliated entities for the Policy Period August 15, 2008 to August 15, 2009, including the Directors' and Officers' Liability and Company Indemnity Policy No. 576/MNK558900 (the "D&O Policy"), the Financial Institutions Crime and Professional Indemnity Policy No. 576/MNA851300 (the "PI Policy"), and the Excess Blended "Wrap" Policy No. 576/MNA831400 (the "Excess Policy") (collectively "the Policies").

Judge Godbey of the Northern District of Texas has already asserted jurisdiction over the insurance policies underlying this dispute (the "Policies"). However, should this Court decline to grant Underwriters' Motion to Dismiss, the Court should transfer the case to Judge Godbey for three reasons. First, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") has already ordered the coordination and consolidation of proceedings involving Stanford Financial in the Northern District of Texas. Second, the Northern District already has jurisdiction over the insurance Policies pursuant to previously filed actions, and under the Fifth Circuit's "first to file" rule, this Court must defer to the Northern District's resolution of these issues. Finally, even if this suit was the first filed, compelling circumstances exist to transfer the case to Judge Godbey.

## I. FACTUAL BACKGROUND

On February 17, 2009, the Securities and Exchange Commission ("SEC") sued Allen Stanford, James M. Davis, Laura Pendergest-Holt ("Holt"), and three related companies in the Northern District of Texas, Dallas Division, alleging that those defendants had orchestrated a fraudulent, multi-billion dollar investment scheme through a program that sold more than $8 billion in fraudulent certificates of deposit.[2] The SEC subsequently sought leave to amend its complaint to add

---

[2] Complaint, *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-298-N (N.D. Tex. Feb. 17, 2009) [Docket No. 1] (the "SEC Action").

Plaintiffs Mark Kuhrt and Gilberto Lopez as defendants, but the court has not yet ruled upon that motion.[3]

Also on February 17, 2009, U.S. District Judge Reed O'Connor signed an order appointing a receiver to manage the affairs of the company defendants named in the SEC Action, and further ordered the seizure of assets in the possession of all of the defendants.[4] U.S. District Judge David Godbey signed an Amended Order Appointing Receiver (the "Receivership Order") on March 12, 2009.[5] The Receivership Order empowered the Receiver to marshal and manage the Receivership Estate,[6] and granted the Receiver authority to "take and have complete and exclusive control, possession and custody of the 'Receivership Estate,' which includes, among other things, the assets, monies, securities, and other properties, real and personal, tangible and intangible, of the Defendants."[7] The Receivership Estate includes all of the Receivership Assets, which, according to the Receiver, encompasses the insurance Policies at issue before this Court. The

---

[3] Motion for Leave to File an Amended Complaint, *SEC Action* (N.D. Tex. Jun. 19, 2009) [Docket No. 490].

[4] Order Granting Motion for Order Appointing Receiver, *SEC Action* (N.D. Tex. Feb. 17, 2009) [Docket No. 10].

[5] Amended Order Appointing Receiver, *SEC Action* (N.D. Tex. Mar. 12, 2009) [Docket No. 157] (hereinafter, "Receivership Order" refers to the February 17, 2009 Order Appointing Receiver, as amended on March 12, 2009).

[6] The "Receivership Estate" consists of "Receivership Assets" and "Receivership Records." Receivership Order ¶ 2. The Order Appointing Receiver defines "Receivership Assets" as the "assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the Defendants and all entities they own or control." *Id.* ¶ 1.

Receivership Order also enjoins and restrains any person from initiating or continuing any action against the Receivership Estate, or any agents, officers, or employees related to the Receivership Estate, or "which affect the Receivership Assets," except in the Northern District of Texas, Dallas Division.[8]

Despite this order, Allen Stanford brought an action on the Policies in the United Kingdom. The Receiver filed an emergency motion to stop this action, and on September 28, 2009, Judge Godbey re-asserted jurisdiction over the Policies and "enjoin[ed] Allen Stanford and anyone acting in concert with him, including his attorneys, *from taking further steps to seek relief in any court other than this relating to the Policies*." (emphasis added).[9]

Additionally, on June 30, 2009, Holt filed a Motion for Clarification regarding whether the Receivership Order applies to the Policies in question.[10] On October 9, 2009, Judge Godbey again acknowledged the Northern District's jurisdiction over the Policies by determining that the court had the power to permit

---

[7] *Id.* ¶¶ 1, 4.

[8] *Id.* ¶ 13.

[9] Order Granting Receiver's Request for Order Enforcing Injunction and Requiring Allen Stanford to Immediately Withdraw Emergency Application in the English Courts Concerning Insurance Proceeds, *SEC Action* (N.D. Tex. Sept. 28, 2009) [Docket No. 810] (emphasis added).

[10] Defendant Laura Pendergest-Holt's Expedited Motion for Clarification that Receivership Order Does Not Apply to D&O Policy Proceeds, or, Alternatively, for Authorization of Disbursement of D&O Policy Proceeds, *SEC Action* (N.D. Tex. June 30, 2009) [Docket 538].

payment of defense costs under the Policies pursuant to its equitable discretion regardless of whether the Policies' proceeds are part of the Receivership Estate.[11]

On October 6, 2009, the United States Judicial Panel on Multidistrict Litigation filed a Transfer Order pursuant to 28 U.S.C. § 1407, coordinating and consolidating seven actions related to the SEC Action in the Northern District of Texas.[12] The MDL Panel determined that the actions "involve common questions of fact" and that "[c]entralization . . . in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the alleged $8 billion fraud orchestrated by R. Allen Stanford . . . ."[13] On October 13, 2009, the MDL Panel conditionally transferred five additional cases to the Northern District.[14] The MDL Panel thus evinced its intent to ensure that one judge—Judge Godbey of the Northern District of Texas—handle all cases involving Stanford.

On November 16, 2009, Underwriters notified Plaintiffs that the Policies exclude coverage of their defense costs. The very next day, Holt filed this declaratory judgment action. Three days later, on November 20, 2009, she

---

[11] Order on Holt's Motion for Clarification, *SEC Action* (N.D. Tex. Oct. 9, 2009) [Docket No. 831].

[12] Transfer Order, *In re: Stanford Entities Sec. Litig.*, Northern District of Texas, 09-md-02099-N (J.P.M.L. Oct. 6, 2009) [Docket No. 1].

[13] *Id.* at 2.

[14] Conditional Transfer Order, *In re: Stanford Entities Sec. Litig.*, 09-md-02099-N (J.P.M.L. Oct. 13, 2009) [Docket No. 2]. Several of the parties in these transferred actions have objected to the Conditional Transfer Order.

amended her complaint to add Stanford, Lopez, and Kurht as Plaintiffs, and Plaintiffs amended their complaint again on December 1, 2009. Meanwhile, on November 17, 2009, Underwriters—acting pursuant to Judge Godbey's explicit direction that all actions involving Receivership Assets must be filed in his court—filed a declaratory judgment action in the Northern District of Texas.

## II.   ARGUMENTS AND AUTHORITIES

### A.   This Court Should Transfer this Case to the Northern District of Texas Pursuant to Guidance from the MDL Panel

The MDL Panel has authority under 28 U.S.C. § 1407(a) to transfer any pending civil actions "involving one or more common questions of fact . . . to any district court for coordinated or consolidated pretrial proceedings" to "promote the just and efficient conduct of such actions." "The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'" *In re Nat. Student Mktg. Litig.*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1973) (quoting FED. R. CIV. P. 1). Thus, the goal of the transfer statute is to "assure uniform and expeditious treatment in the pretrial procedures in multidistrict litigation." H.R. REP. NO. 90-1130 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901. Without the transfer procedure, "conflicting pretrial discovery demands for documents and witnesses" might "disrupt the functions of the Federal courts." *Id.* at 1899.

Notably, the MDL Panel for the Stanford cases determined that all of the actions it consolidated involved a "significant number of common events, defendants, and/or witnesses" regarding "(1) alleged misrepresentations or omissions by Stanford, (2) insurance coverage letters used by Stanford to promote its investments or (3) the alleged role of The Commonwealth of Antigua and Barbuda in the alleged Stanford fraud."[15] *These same factual issues underlie whether the insurance Policies cover Plaintiffs' defense costs.*[16] Specifically, these underlying facts go to the heart of whether the exclusions to the Policies apply to preclude coverage. Therefore, pretrial discovery regarding the alleged fraud and Ponzi scheme will be largely the same for the MDL cases and Plaintiffs' declaratory judgment action. The MDL Panel also found that consolidation and coordination would avoid inconsistent pretrial rulings; should this Court and the Northern District both assert jurisdiction over the Policies' proceeds, then there is a significant risk of inconsistent pretrial rulings regarding the scope of the Policies and the applicability of the exclusions. Accordingly, this Court should follow the MDL Panel's lead and transfer this case to Judge Godbey in the Northern District

---

[15] Transfer Order, *In re: Stanford Entities Sec. Litig.*, 09-md-02099-N, at 2 (J.P.M.L. Oct. 6, 2009) [Docket No. 1].

[16] Pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Underwriters are also filing a motion with the MDL Panel to transfer this case as a "tag-along action."

of Texas, thereby "ensuring streamlined, just and expeditious resolution of all actions."[17]

### B. This Court Should Transfer this Case to the Northern District of Texas Based on the "First to File" Rule

By filing this declaratory judgment action, Plaintiffs have violated Judge Godbey's prior orders, in which he had already asserted jurisdiction over the Policies. On March 12, 2009, pursuant to the SEC's lawsuit, Judge Godbey enjoined the defendants in the SEC Action, including their agents, officers, employees, and "all persons in active concert or participation with them," from "filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets . . . except with the permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets . . . shall be filed in this Court." The SEC Action was thus the first filed case involving issues related to the Policies.

Despite the Receivership Order, Allen Stanford brought an action on the Policies in the United Kingdom. The Receiver filed an emergency motion to stop this action—the second filed motion involving the Policies—and Judge Godbey re-asserted jurisdiction over the Policies and "enjoin[ed] Allen Stanford and anyone acting in concert with him, including his attorneys, *from taking further steps to*

---

[17] Transfer Order, *In re: Stanford Entities Sec. Litig.*, 09-md-2099-N, at 2 (J.P.M.L. Oct. 6, 2009) [Docket No. 1].

***seek relief in any court other than this relating to the Policies.***" (emphasis added). On October 9, 2009, Judge Godbey again asserted jurisdiction over the Policies in resolving Holt's Motion for Clarification, the third filed motion regarding the scope of the Policies.

Plaintiffs' preliminary injunction request is therefore the *fourth* filed pleading involving the Policies in the *second* filed case involving Stanford. Under the Fifth Circuit's "first to file" rule, jurisdiction lies with the court that first had jurisdiction over these issues—the Northern District of Texas. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728-29 (5th Cir. 1985). As the Fifth Circuit has explained, when a federal court

> is confronted with an action that would involve it in a serious interference with or usurpation of [another court's] continuing power [over an injunction], considerations of comity and orderly administration of justice *demand* that the nonrendering court should decline jurisdiction and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there.

*Mann Mfg., Inc.*, 439 F.2d at 408 (quotation marks and citation omitted) (emphasis added). Thus, "regardless of whether or not the suits here are identical, if they overlap on the substantive issues, [then] the cases would be required to be consolidated in New York, *the jurisdiction first seized of the issues.*" *Id.* at 408 n.6 (emphasis added). "The concern manifestly is to avoid the waste of duplication, to

avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n*, 751 F.2d at 729. Moreover, the court in which jurisdiction first attached is the appropriate court to determine whether a subsequently filed case involving substantially overlapping issues should proceed. *See Save Power Ltd. v. Synteck Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (finding that district court abused its discretion in denying a motion to transfer a second-filed case to the judge in the same district who was handling the original case).

The first to file rule thus requires this court to defer to the Northern District and transfer this suit. *See, e.g., Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990) (transferring case based on first to file rule). There is no question that the Northern District was the first court to assert jurisdiction over the very issues Plaintiffs raise in their declaratory judgment action—whether they are entitled to defense costs under the Policies. The Northern District has not yet resolved that dispute. Based on principles of comity and judicial economy, the Fifth Circuit has held that a district court abuses its discretion by failing to transfer a case to the first-filed court in similar situations. *See, e.g., Save Power Ltd.*, 121 F.3d at 950. This Court should not make that same mistake by ruling on Plaintiffs' case when another court has previously asserted jurisdiction over these exact same issues.

C.  **"Compelling Circumstances" Require this Court to Defer to the Northern District of Texas**

Alternatively, if the Court somehow construes this preliminary injunction request as the first filed action involving these issues, then the Court should apply the exception to the first to file rule and defer to the other court with jurisdiction based on the presence of "compelling circumstances." *See W. Gulf Mar. Ass'n*, 751 F.2d at 729.  Courts have deferred to the later-filed court when, for example, a party brings a suit in one forum in anticipation of the opposing party bringing suit in another, less favorable forum. *See, e.g., Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, No. H-07-637, 2007 WL 5186798, at *4 (S.D. Tex. Sept. 11, 2007) (applying "compelling circumstances" exception and transferring case because plaintiffs brought suit to win a race to the courthouse in a more favorable forum).

In this case, the Northern District of Texas is attempting to resolve a welter of conflicting claims—all arising from the failure of Stanford Financial—in an orderly manner.  Judge Godbey has repeatedly indicated through his Orders that he does not wish the many claims at issue to splinter into numerous independent proceedings.  This Court should not permit the litigants to proceed in the Southern District of Texas—in violation of Judge Godbey's orders—and thereby prevent the orderly litigation of claims arising from the failure of Stanford Financial.

## *Conclusion*

If the Court does not dismiss this case outright for lack of federal subject-matter jurisdiction, Underwriters' motion to transfer this case to the Northern District should be granted.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Daniel McNeel Lane, Jr.
Barry A. Chasnoff (SBN 04153500)
bchasnoff@akingump.com
Daniel McNeel Lane, Jr. (SBN 00784441)
nlane@akingump.com
Rick H. Rosenblum (SBN 17276100)
rrosenblum@akingump.com
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Phone: (210) 281-7000
Fax: (210) 224-2035

-and-

Eric Gambrell (SBN 00790735)
egambrell@akingump.com
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Phone (214) 969-2800
Fax: (214) 969-4343

Attorneys for Certain Underwriters at Lloyd's of London and Arch Specialty Insurance Company

## CERTIFICATE OF CONFERENCE

On December 15, 2009, Rick Rosenblum, Daniel McNeel Lane, Jr., and/or Barry Chasnoff, counsel for Underwriters, attempted to confer with counsel for all parties regarding the substance of this Motion. Specifically, counsel for Underwriters attempted to confer with Lee Shidlofsky, who represents Stanford, Holt, and Lopez with respect to the insurance coverage issues; and Gregg Anderson, who represents Kuhrt with respect the insurance coverage issues. Mr. Shidlofsky indicated that he opposes this Motion. At this time, therefore, Underwriters believe this Motion is opposed.

/s/ Daniel McNeel Lane Jr.
DANIEL McNEEL LANE, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document and appendix have been served on all known counsel of record via the Court's electronic filing system this 15th day of December, 2009.

/s/ Daniel McNeel Lane Jr.
DANIEL McNEEL LANE, JR.