STATE OF UTAH §
§
COUNTY OF SALT LAKE §

### Affidavit of Brent R. Baker

BEFORE ME, the undersigned authority, on this day personally appeared Brent R. Baker, who, after being by me duly sworn upon his oath, did state the following:

1. My name is Brent R. Baker, and I am a partner with the law firm of Parsons Behle & Latimer in Salt Lake City, Utah. I have been licensed to practice law since 1987. I practice primarily in the area of securities litigation, SEC defense and white collar regulatory enforcement matters. Before entering private practice, I worked as an attorney for the SEC's Division of Enforcement for thirteen (13) years. Along with Mr. Jeff Tillotson of the Dallas firm of Lynn Tillotson Pinker & Cox, I am currently counsel for Laura Pendergest-Holt in the case styled *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.* (Case No. 3:09-cv-0298-N), pending in the United States District Court for the Northern District of Texas, Dallas Division (the "Stanford Civil Case").

2. On October 9, 2009, Judge Godbey entered an order in the Stanford Civil Case, holding that former Stanford officers such as Ms. Holt would have access to the proceeds of directors' and officers' insurance policies to pay for the defense of proceedings currently instituted against her. As set forth in the order, the potential harm to Ms. Holt from denial of such insurance proceeds is not speculative, but is real and immediate. This is particularly true in the Stanford Civil Case where, as Judge Godbey found in his order, Ms. Holt would otherwise be unable to defend herself in civil actions where Ms. Holt does not have a right to court-appointed counsel. As pointed out by Judge Godbey, former Stanford officers such as Ms. Holt relied on the existence of such insurance coverage to defend themselves from proceedings such as the Stanford Civil Case and the parallel criminal proceeding pending in the United States District Court for the Southern District of Texas.

3. Based on my prior significant experience with SEC civil proceedings, as well as my review of the allegations made by the SEC in the Stanford Civil Case, I believe that such proceeding is highly complex and will require significant effort, time and expense to properly defend on behalf of Ms. Holt, as well as the other defendants in the Stanford Civil Case. The Stanford Civil Case seeks

4835-7968-7685.1

substantial monetary and penal relief against Ms. Holt and others, and would essentially leave the defendants therein destitute and penniless if the relief requested by the SEC was granted. The defense of the Stanford Civil Case will require multiple thousands of hours of research, investigation, witness interviews, briefing, expert work, trial preparation and attendance at a long and costly complex trial proceeding. This investment of time and resources is in addition to the substantial investment in expert witnesses, investigators, document review and other litigation support essential to a proper defense of this case. It is my estimation and opinion that the defense of Ms. Holt in the Stanford Civil Case will require payment of more than $4 million in fees and expenses.

4. In light of Ms. Holt's financial condition and the broad pretrial asset freeze imposed in the Stanford Civil Case, Ms. Holt will be unable to defend herself in the Stanford Civil Case if the insurer is allowed to deny coverage, or is allowed to withhold payment of defense costs pending trial court and appellate resolution of all policy and coverage issues.

5. Representation of Ms. Holt in the Stanford Civil Case will also require that Ms. Holt's lawyers seek stays, venue transfers and/or consolidation of the substantial number of civil proceedings that have been instituted against her and other Stanford officers and entities in other jurisdictions. To date, I am aware of more than 15 such civil proceedings currently filed against Ms. Holt in more than 4 jurisdictions, separate and apart from the Stanford Civil Case. If these cases are not properly halted or defended, the resulting civil judgments entered against Ms. Holt will similarly leave her penniless. The time-consuming nature of the inevitable discovery and other pretrial proceedings in such parallel actions will also render Ms. Holt unable to spend the time necessary to effectively assist in her defense in the Stanford Civil Case and the criminal proceeding currently pending against Ms. Holt in the United States District Court for the Southern District of Texas.

6. In light of these facts, in the event insurance coverage is not properly and timely restored, and in the event the insurer is not enjoined from future acts to deny coverage or withhold payment of defense costs, Ms. Holt will suffer irreparable harm, for which she has no adequate remedy at law.

_____
Brent R. Baker

SWORN AND SUBSCRIBED TO BEFORE ME, on this 16TH day of December, 2009.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF UTAH
Dist. of Columbia -

Lois R. Colmeuares
Notary Public, District of Columbia
My Commission Expires 5/31/2014

4835-7968-7685.1