# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA PENDERGEST-HOLT, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-3712 | |
| § | | |
| CERTAIN UNDERWRITERS AT § | | |
| LLOYD'S OF LONDON AND ARCH § | | |
| SPECIALTY INSURANCE CO., § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

Plaintiffs, each an executive in one or more company founded by R. Allen Stanford, seek in this suit reimbursement of defense costs in criminal and civil litigation under directors' and officers' insurance policies (collectively, "D&O Policy") issued by Defendants ("Underwriters"). On January 26, 2010, the District Court, Judge Hittner presiding, entered a preliminary injunction prohibiting Underwriters from "withholding payment" for costs "already incurred" by Plaintiffs and to be "incurred by them in the future . . . until a trial on the merits in this case or such other time as this Court orders." *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 681 F.Supp.2d 816, 2010 WL 317684, at *14 (S.D. Tex. Jan. 26, 2010). Following an expedited appeal by Defendants, the Fifth Circuit modified the injunction, affirmed the District Court's order as modified, and remanded the case for

further proceedings on the coverage question. *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 576 (5th Cir. Mar. 15, 2010). Specifically, the Fifth Circuit held that "[t]he underwriters are enjoined from refusing to advance defense costs as provided for in the D&O Policy unless and until a court determine[s] that the alleged act or alleged acts [of Money Laundering] did in fact occur." *Id.* (internal quotation marks omitted, brackets in the original).

On remand, this Court announced that this "in fact" determination would be made in the context of a preliminary injunction hearing. At a status conference on April 27, 2010, the Court requested briefing on: (1) which elements of the preliminary injunction standard are in issue at this stage of the case; and (2) the applicable burden of proof for the in fact determination of whether Money Laundering occurred.[1] Both parties have filed the requested briefing.[2] The Court now turns to these two issues.

---

[1] The Court also requested background briefing on an insured's right to reimbursement of defense costs under an insurance policy that does not impose a duty to defend. The Court will take the parties' submissions on this issue under advisement.

[2] Plaintiffs filed a Brief in Support of Miscellaneous Relief [Doc. # 81] ("Plaintiffs' Brief"), and Underwriters filed a "Response to Plaintiffs' Brief on Elements of the Preliminary Injunction at Issue and Burden of Proof ("Response"). Plaintiffs' also filed a Reply [Doc. # 90].

## I.     PRELIMINARY INJUNCTION ELEMENTS IN ISSUE

"A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 568-69.  Both parties agree that the Court's focus at the preliminary injunction hearing should be on the first prong, *i.e.*, the Plaintiffs' likelihood of success on the merits.[3]  Considering the Fifth Circuit's mandate in this case, the Court concurs.  *See Henderson v. Stalder*, 407 F.3d 351, 354 (5th Cir. 2005) ("'[T]he mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'") ( quoting *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004)).  The Court's focus at the preliminary injunction hearing will be on the first prong of the preliminary injunction test.  This inquiry will turn on a determination, as to each Plaintiff, of whether money laundering, as defined by the D&O Policy ("Money Laundering"), in fact occurred.

## II.    BURDEN OF PROOF

Underwriters will bear the burden of proving that Money Laundering in fact occurred.  Plaintiffs argue that the Money Laundering policy provision on which

---

[3]     Plaintiffs' Brief, at 6-7; Response, at 4-5.

Underwriters rely in denying reimbursement costs is an exclusion, and that Underwriters therefore bear the burden of proving its applicability.[4] Underwriters agree.[5] The Court holds that Underwriters have the burden of proving the applicability of the Money Laundering exclusion in the D&O Policy. *See Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 370 (5th Cir. 2008) ("Texas law places the burden of proving that an exclusion applies on the insurance company.") (citing TEX. INS. CODE § 554.002); *Texas Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 879 (Tex. 1999) ("If there are any contractual provisions that could limit or bar recovery, it is incumbent on the insurer to plead and prove them.").

The Fifth Circuit expressly reserved the question of whether a decision on the Money Laundering exclusion should be made by a preponderance standard or only by clear and convincing evidence. *See Pendergest-Holt,* 600 F.3d at 575. Based on the Court's current research, the Court will apply a preponderance of the evidence standard. Although there appears to be limited Texas authority on this point,[6] the cases cited by Underwriters, and those located through the Court's own research, indicate that an insurer must prove the applicability of a policy exclusion by a

---

[4] Plaintiffs' Brief, at 14-15.

[5] Response, at 3.

[6] TEX. INS. CODE § 554.002 provides that the insurer has the burden of proof on an exclusion but does not specify the applicable standard.

preponderance of the evidence. *See Routis v. Clarendon Am. Ins. Co.*, 2007 WL 1412566, at *8 (Tex.App.—Houston [1st Dist.] 2007, no pet.) (stating that to establish arson by an insured, the insurer bears the burden of proving that the insured set the fire, "[h]owever, the insured's burden of proof is not to show by an absolute certainty, but rather, by a preponderance of the evidence that the insured set the fire") (citing *Murphy v. Texas Farmers Ins. Co.*, 982 S.W.2d 79, 84 (Tex.App.—Houston [1st Dist.] 1998) ("To establish arson as a defense to a civil suit for insurance proceeds, the insurance company must show by a preponderance of the evidence that the insured set the fire or caused the fire to be set."), *aff'd on other grounds*, 996 S.W.2d 873 (Tex.1999)); *Nobles v. Employees Retirement Sys. of Texas*, 53 S.W.3d 483, 486 (Tex.App.—Austin 2001, no pet.) (an insurer has the burden to plead, and prove, by a preponderance of the evidence, a policy exclusion and present some evidence of its applicability).

Plaintiffs do not expressly argue that another standard should apply.[7] Plaintiffs' cite the following passage from *Couch on Insurance*: "While the degree of proof required for both coverage and exclusions is generally described as being a preponderance of the evidence, there may be a slightly heavier weight required for

---

[7] *See generally* Reply. Plaintiffs state that they did not brief the issue in Plaintiffs' Brief because they believed that the issue to be addressed was who had the burden of proof rather than the appropriate standard. *Id.* at 2 n.3.

proof of exclusions."[8]  However, Plaintiffs admit that they have not located a single Texas case applying a clear and convincing standard in this context.[9]  In the absence of any applicable Texas case or statute, Plaintiffs' citations to *Couch on Insurance* are insufficient to trigger the use of a standard of proof other than preponderance of the evidence.

### III.   CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Court's focus at the preliminary injunction hearing will be the first element of the preliminary injunction standard, *i.e.*, the Plaintiffs' likelihood of success on the merits.  It is further

**ORDERED** that Underwriters will have the burden of proving that Money Laundering in fact occurred.

SIGNED at Houston, Texas, this 10th day of **May, 2010**.

                                                                        Nancy F. Atlas
                                                                        United States District Judge

---

[8]   17A COUCH ON INSURANCE § 254.14.

[9]   Reply, at 2.