GUARDIAN   INTERNATIONAL   BANK   LIMITED

MEMORANDUM OF ASSOCIATION & ARTICLES OF ASSOCIATION

Incorporated under the Companies Act,
Chapter 308 of the Laws of Montserrat

Certified a true copy
Sgt. Ena J.C. Weedstock
Register Joint Stock Companies
13/9/85

KENNETH ALLEN ESQUIRE
Barrister-at-Law
Law Chambers
P.O. Box 1
Marine Drive
Plymouth
MONTSERRAT, W.I.





THE COMPANIES ACT, CHAPTER 308

OF THE

LAWS OF MONTSERRAT

COMPANY LIMITED BY SHARES

MEMORANDUM OF ASSOCIATION

OF

GUARDIAN INTERNATIONAL BANK LIMITED

——————

1. The name of the Company is GUARDIAN INTERNATIONAL BANK LIMITED.

2. The Registered Office of the Company will be situate at Plymouth, Montserrat, West Indies.

3. The objects for which the Company is established are:

   (1)   To carry on the business of Banking in all its branches and to transact and do all matters and things incidental thereto, or which may at any time hereafter, at any place where the company shall carry on business, be usual in connection with the business of banking or dealing in money or security for money.

   (2)   To advance and lend money on real, personal and mixed securities, on cash, credit, or other accounts, on policies, bonds other obligations, or on rates or tolls, duly authorised to be made or levied by any Act of Parliament, or on the deposit of title deeds, wares and merchandise, bills of sale and lading, delivery orders, warehousemen and wharfingers' certificates, notes, dock warrants, or other mercantile indicia or token, bullion, stocks and shares.

   (3)   To receive monies on deposit, current account, or otherwise, with or without allowance of interest and to receive on deposit title deeds and other securities.

   (4)   To negotiate loans of every description.

   (5)   To carry on the business of discounting, dealing in exchanges, in specie and securities.

   (6)   To deal in, assay and refine precious metals.

   (7)   To invest money in such manner as may from time to time be thought proper.

   (8)   To act as agents for the sale and purchase of any stocks, shares or securities, or for any other monetary or mercantile transaction.

/9. .....

(9)    To carry on business as capitalists and financiers.

(10)   To negotiate or pay in advance coupons and interest on public loans or securities.

(11)   To tender for and to farm revenues, taxes, privileges, dues, customs and duties of any state, or municipality or person.

(12)   To contract for public and private loans, and to negotiate and issue the same.

(13)   ~~To act as executors and trustees of wills, settlements and trust deeds of all kinds made by customers and others and to undertake and execute trusts of all kinds.~~

(14)   To act as agents for any government and other authority and for public and private bodies and persons.

(15)   To promote, effect, insure, guarantee, underwrite, participate in, manage and carry out any issue, public or private, of state, municipal or other loans or of shares, stock debentures or debenture stock of any company, corporation or association and to lend money for the purpose of any such issue.

(16)   ~~To establish, maintain and manage confidential accounts and in such connection, if thought desirable, to act as nominees or trustees.~~

(17)   To finance or assist in financing the sale of goods, articles or commodities of all and every kind or discription by way of hire purchase or deferred payment, or similar transactions, and to institute, enter into, carry on, subsidise, finance or assist in subsidising or financing the sale and maintenance of any goods, articles or commodities of all and every kind and description upon any terms whatsoever, to acquire and discount hire-purchase or other agreements or any rights thereunder (whether proprietary or contractual) and generally to carry on business and to act as bankers, financiers, traders, commission agents, or in any other capacity in any part of the world, and to import, export, buy, sell, barter, exchange, pledge, make advances upon or otherwise deal in goods, produce, articles and merchandise.

(18)   To enter into arrangements with companies, firms and persons for promoting and increasing the manufacture, sale and purchase and maintenance of goods, articles or commodities of all and every kind and description, either by buying, selling, letting on hire, hire-purchase or easy payment systems, or by financing or assisting such other companies, firms or persons to do all or any such last-mentioned acts, transactions and things, and in such manner as may be necessary or expedient in connection with or for any of these purposes, to purchase agreements, lend money, give guarantees or security or otherwise finance or assist all or such purposes on such terms and in such manner as may be desirable or expedient.

(19)   To guarantee the payment of performance of any debts, contracts or obligations, or become security for any person, firm or company, for any purpose whatsoever, and to act as agents for the collection;

/receipt or .....

Certified a true copy
Sgd Een JTC Wadahda
Registrar of Joint Stock Companies
13/11/55

11

receipt or payment of money, and generally to act as agents for and render services to customers and others, and generally to give guarantees and indemnities.

(20)  To insure or guarantee the payment of advances, credits, bills of exchange and other commercial obligations or commitments of every description, as well as the fulfillment of contracts and other trading and commercial transactions of every description, whether at home or abroad, and to indemnify any person against the same and to guarantee the payment of money secured or payable under or in respect of any debentures, debenture stock, bond, mortgage, charge, security, contract or obligation of any person, persons or corporations, or any authority, supreme, municipal, local or otherwise.

(21)  To own, hold, subdivide, lease, sell or otherwise deal with and/or develop land, and otherwise deal in real estate in all its branches.  To construct buildings, houses, hotels, motels, theatres, cinemas, office buildings, industrial buildings, recreational centres, clubhouses, sports facilities and such other buildings for such other purposes as the Company may from time to time require.  To carry on the business of operation such buildings for profit, as Proprietors, Lessees, Managers, Agents or otherwise.

(22)  To purchase, take on lease or in exchange, hire or otherwise acquire, any real or personal property, patents, licenses, rights or privileges which the Company may think necessary or convenient for the purposes of business, and to manage any real property so acquired, and to construct, maintain and alter any buildings or works necessary or convenient for the purpose of the Company.

(23)  To acquire and hold shares, stocks, debentures, debenture stock, scrip, bonds, notes, securities and obligations issued or guaranteed by any company constituted or carrying on business in any part of the world, and funds, loans, securities or obligations of or issued or guaranteed by any government, state or dominion, public body or authority, supreme, municipal, local or otherwise, whether at home or abroad.

(24)  To act as managing agents for other bodies or persons, whether corporate or not, to conduct enterprises and manage ventures of all types on their behalf.

(25)  To carry on any other business which may seem to the Company capable of being conveniently carried on in connection with any business of the Company or calculated directly to enhance the value of or render more profitable any of the Company's property or assets.

(26)  To acquire and take over the whole or any part of the business property and liabilities of any Company of persons carrying on any business which the Company is authorised to carry on, or possessed of any property or assets suitable for the purpose of the Company.

/27 .....

(27)    To pay for any property or assets acquired by the
        Company either in cash or fully or partly paid
        shares or by the issue of securities of obligations
        or partly in one more and partly in another and
        generally on such terms as may be determined.

(28)    To borrower or raise or secure the payment of
        money by mortgage, or by the issue of debentures
        or debenture stock, perpetual or otherwise, or in
        such other manner as the Company shall think fit,
        and for the purposes aforesaid or for any other
        lawful purpose to charge all or any of the Company's
        property or assets, present and future, including
        its uncalled capital, and collaterally, or further
        to secure any securities of the Company by trust
        deed or other assurances.

(29)    To issue and deposit any securities which the Com-
        pany has power to issue by way of mortgage to
        secure any sum less than the nominal amount of
        such securities, and also by way of security for
        the performance of any contracts or obligations
        of the Company or of its customers or of any other
        person or company having dealings with the Company,
        or in whose business or undertaking the Company is
        interested.

(30)    To establish and maintain or procure the establish-
        ment and maintenance of any non-contributory or
        contributory or superannuation funds for the bene-
        fit of, and to give or procure the giving of
        donations, gratuities, pensions, allowances or
        emoluments to any persons who are or were at any
        time in the employment or service of the Company
        or of any Company which is a subsidiary of the
        Company or is allied to or associated with the Com-
        pany or with any such subsidiary company, or who
        are or were at any time Directors or officers of
        the Company or of any such other company as afore-
        said, or any persons in whose welfare the Company
        or any such other company as aforesaid is or has
        been at any time interest, and the wives, widows,
        families and dependents of any such persons, and
        also to establish and subsidise or subscribed to
        any institutions, persons, clubs or funds calcu-
        lated to be for the benefit of or to advance the
        interest and well-being of the Company or of any
        such persons as aforesaid, and to make payments
        for or towards the insurance of any such persons
        as aforesaid, and to subscribe or guarantee money
        for charitable or benevolent objects or for any
        exhibition or for any public, general or useful
        object and to do any of the matters aforesaid
        either alone or in conjunction with any such com-
        pany as aforesaid.

(31)    To lend money on any terms that may be thought
        fit and to give any guarantees that may be deemed
        expedient.

(32)    To enter into any partnership, or arrangement in
        the nature of a partnership, co-operation or union
        of interest, with any person or company engaged or
        interested or about to become interested in the
        carrying on or conduct of any business which the
        Company is authorised to carry on or conduct or
        conduct or from which the Company would or might
        derive any benefit whether direct or indirect.

/(33) .....

13



(33)  To establish or promote, or join in the establish-
ment or promotion of, any other company whose
objects shall include the taking over of any of
the assets and liabilities of the Company or the
promotion of which shall be calculated to advance
its interests, and to acquire and hold any shares,
securities or obligations of any such company.

(34)  To amalgamate with any other company.

(35)  To sell or dispose of the undertaking, property
and assets of the Company or any part thereof in
such manner and for such consideration as the Com-
pany may think fit, and in particular for shares
(fully or partly, paid up), debentures, debenture
stock, securities or obligations of any other com-
pany, whether promoted by the company for the
purpose or not, and to improve, manage, develop,
exchange, lease, dispose of, turn to account or
otherwise deal with all or any part of the property
and assets of the Company.

(36)  To distribute any of the Company's property or
assets among the members in specie.

(37)  To cause the Company to be registered or recognized
in any foreign country.

(38)  To pay a commission to any person in consideration
of his subscribing or agreeing to subscribe or pro-
curing or agreeing to procure subscriptions for any
share in the Company.

(39)  To grant options to purchase fully or partly paid
shares in the Company to any person or any terms
that may be deemed expedient.

(40)  ~~To do all or any of the above things in any part of
the world, and either as principal, agent, trustee
or otherwise and either alone or in conjunction with
others, and by or through agents, sub-contractors,
trustees or otherwise.~~

(41)  To do all such other things as are incidental or the
Company may think conducive to the attainment of the
above objects or any of them.

AND it is hereby declared that the word "company" in this
clause, except where used in reference to this Company,
shall be deemed to include any partnership or other body
of persons, whether incorporated or not incorporated, and
whether domiciled in or elsewhere, and that the intention
is that each of the objects specified in each paragraph
of this clause shall, except where otherwise expressed in
such paragraph, be an independent main object and be in
no wise limited or restricted by reference to or inter-
ference from the terms of any other paragraph or the name
of the Company.

4.    The liability of the Members is limited.

5.    The share capital of the Company is $1,000,000.00 divided
into 100,000 shares of $10.00 each.

6.    The Company shall have the power to increase or reduce the
capital of the Company in any way which may be authorised by law.

/7. .....

14



7.      The Company shall have the power to issue any of the shares, in the capital of the Company, whether original or increased, with or subject to such preferential, special, qualified or deferred rights or conditions as regards dividends repayment of capital voting or otherwise.

••••••••••••••••

Certified a true copy
Sgd: Ern J.C. Windsitt.
Registrar of Joint Stock Companies
13/12/65

15



We, the several persons whose names and addresses are sub-scribed, are desirous of being formed into a Company in pursuance of this Memorandum of Association and we respectively agree to take the number of shares in the capital of the company set opposite our res-pective names.

| Names, addresses & Description of Subscribers | Number of Shares taken by each subscriber |
|---|---|
| JAMES A. STANFORD<br>706 S. Ross Avenue<br>P.O. Box 147<br>Mexia<br>Texas 76667<br>U. S. A. | 1 |
| ALLEN STANFORD<br>706 S. Ross Avenue<br>P.O. Box 147<br>Mexia<br>Texas 76667<br>U. S. A. | 1 |

Dated this 22nd day of November, 1985.

Witness to the above signatures:

THE COMPANIES ACT, CHAPTER 308

OF THE

LAWS OF MONTSERRAT

COMPANY LIMITED BY SHARES

ARTICLES OF ASSOCIATION

OF

GUARDIAN   INTERNATIONAL   BANK   LIMITED

**•••••••••**

## P R E L I M I N A R Y

1.  The Company is registered as a Private Company and accordingly;

(A)  The right to transfer shares in restricted in manner hereinafter provided.

(B)  The number of members of the Company (exclusive of persons who are in the employment of the Company and of persons who having been formerly in the employment of the Company were while in such employment members of the Company) is limited to 50. Provided that where two or more persons hold one or more shares in the Company jointly, they shall for the purpose of this article be treated as a single person.

(C)  Any invitation to the public to subscribe for any shares or debentures of the Company is prohibited.

(D)  The Company shall not have power to issue share warrants to bearers.

2.  Table A in the First Schedule to "The Companies Act", of the Island of Montserrat shall not apply to this Company except so far as the same are repeated or contained in these Articles.

3.  In these Articles unless the context otherwise requires, expressions defined in "The Companies Act", of the Island of Montserrat or any statutory modification thereof in force at the date at which these articles become binding on the Company shall be meaning so defined; and the words importing the singular number only shall include the plural number and vice versa; and words importing the masculine gender shall include the feminine; and words importing persons shall include bodies corporate.

4.  If at any time the share capital is divided into different classes of shares, the rights attached to any class (unless otherwise provided by the terms of issue of the shares of that class) may be varied with the consent in writing of the holders of three-fourths of the issued shares of that class or with sanction of an extraordinary resolution passed at a separate general meeting of the holders of the shares of the class. To every such separate general meeting the provisions of these Articles relating to general meetings

/shall ••••••••

17



- 2 -

shall mutatis mutandis apply, but that the necessary quorum shall be two persons at least holding or representing by proxy two-thirds of the issued shares of the voting class and that any holder of shares of the voting class present, in person or by proxy, may demand a poll.

5.          Every person whose name is entered as a member in the register of members, shall, without payment, be entitled to one Certificate under the Common Seal of the Company specifying the shares held by him and the amount paid up thereon.

6.          If a share Certificate is defaced, lost or destroyed, it may be renewed on payment of such fee, not exceeding five dollars and on such terms, if any, as to evidence and indemnity as the directors think fit.

## L I E N

7.          The Company shall have a lien on every share for all moneys (whether presently payable or not) called or payable at a fixed time in respect of that share, and the Company shall also have a lien on all shares standing registered in the name of a single person for all moneys presently payable by him or his estate to the Company; but the Directors may at any time declare any share to be wholly or in part exempt from the provisions of this Article. The Company's lien, if any, on a share shall extend to all dividends payable thereon.

8.          The Company may sell in such manner as the directors think fit, any shares on which the Company has a lien, but no sale shall be made unless some sum in respect of which the lien exists is presently payable, nor until the expiration of fourteen days after a notice in writing by registered mail stating and demanding payment of such part of the amount in respect of which the lien exists and is presently payable, has been given to the registered holder for the time being of the shares, or the person entitled by reason of his death or bankruptcy to the shares.

9.          For giving effect to any such sale, the directors may authorize some person to transfer the shares sold to the purchaser thereof. The purchaser shall be registered as the holder of the shares comprised in any such transfer and he shall not be bound to see to the application of the purchase money, nor shall his title to the share be effected by any irregularity or invalidity in the proceedings in reference to the sale. The proceeds of the same shall be applied in payment on such part of the amount in respect of which the lien exists as is presently payable, and the residue shall be held (subject to a like lien for sums not presently payable as existed upon the shares prior to the sale by the Company) on behalf of the person entitled to the shares at the date of the sale.

## CALL  ON SHARES

10.          The directors may from time to time make calls upon the members in respect of any moneys unpaid on their shares, and each member shall (subject to receiving at least fourteen days' notice specifying the time or times of payment) pay to the Company at the time or times so specified the amount called on his shares. Such calls and the liability of the respective members shall be limited to the difference between the nominal amount of the shares subscribed by the respective members and the amounts paid upon the said shares by said members. All calls shall be deemed to have been made at the time when the resolution of the Directors authorizing the call was passed.

/11. .....

18



- 3 -

11.        If a sum called in respect of a share is not paid before or on the day appointed for payment thereof, the person from whom the sum is due shall pay interest upon the sum at the rate of 5 per centum per annum from the day appointed for the payment thereof to the time of the actual payment, but the directors shall be at liberty to waive payment of the interest wholly or in part.

12.        The Directors may make arrangements on the issue of shares for a difference between the holders in the amount of calls to be paid and the times of payment.

13.        The directors may, if they think fit, receive from any member willing to advance the same, all, or any part of the moneys uncalled and unpaid upon any shares held by him; and upon all or any of the moneys so advanced may (until the same would, but for some advance become presently payable) pay interest at such rate as may be agreed upon between the member paying the sum in advance and the directors.

## TRANSFER AND TRANSMISSION

14.        Subject to the provisions hereinafter contained shares in the Company shall be transferable by written instrument in the common form signed by both the transferor and the transferee, and transferor shall be deemed to remain the holder of the share until the name of the transferee is entered in the register of members in respect thereof.

15.        The directors may in their discretion and upon assigning a reasonable cause decline to register any transfer of shares to any person of whom they do not approve; such person not already being a member of the Company and may also decline to register any transfer of shares on which the Company has a lien. The directors may also suspend the registration of transfers during the fourteen days immediately proceeding the ordinary general meeting of each year. The directors may decline to recognize any instrument of transfer unless:

     (a)      A fee not exceeding five dollars is paid to the Company in respect thereof; and

     (b)      The instrument of transfer is accompanied by the certificate of the shares to which it relates, and such other evidence as the directors may reasonably require to show the right of the transferor to make the transfer.

       If the directors refuse to register a transfer of any shares, they shall within two months after the date on which the transfer was lodged with the Company send to the transferee notice of refusal.

16.        The personal representatives of a deceased sole holder of a share shall be the only persons recognized by the Company as having any title to the share. In the case of a share registered in the names of two or more holders, the survivors or survivor, or the personal representative of the deceased survivor, shall be the only persons recognized by the Company as having any title to the share.

17.        Any person becoming entitled to a share in consequence of the death or bankruptcy of a member shall, upon such evidence

/being .....

19



- 4 -

being produced as may from time to time be required by the directors, have the right, either to be registered as a member in respect of the share or instead of being registered himself, to take such transfer of the share as the deceased or bankrupt person could have made; but the directors shall be either case, have the right to decline or suspend registration as they would have had in the case of transfer of the share by the deceased or bankrupt person before the death or bankruptcy.

18.        Except as hereinafter provided no shares in the Company shall be transferred unless and until the rights of pre-emption hereinafter conferred shall have been exhausted.

19.        Every member or other person who intends to transfer shares (hereinafter called the vendor) shall give notice in writing to the board of his intention.  Such notice shall constitute the board his agent for the sale of the said shares in one or more lots at the discretion of the board to members of the Company at a price to be agreed upon by the vendor and the board, or in default of such agreement, at the price which the auditor of the Company for the time shall certify, by writing under his hand, to be in his opinion the fair selling value of the shares as between a willing Vendor and a willing Purchaser.

20.        Upon the price being fixed as aforesaid the board shall forthwith give notice to all the members of the Company (other than holders of employee shares) holding not less than ten shares each of the number and price of the shares to be sold and invite each of them to state in writing within 21 days from the date of the said notice whether he is willing to purchase any and if so what maximum number of the said shares.

21.        At the expiration of the said 21 days the board shall allocate the said shares to or amongst the members who shall have expressed his or her willingness to purchase as aforesaid and (if more than one) so far as may be pro rata according to the number of shares already held by them respectively, provided that no member shall be obliged to take more than the said maximum number of shares so notified by him as aforesaid.  Upon such allocation being made the vendor shall be bound on payment of the said price to transfer the shares to the purchaser or purchasers.  If he makes default in so doing the chairman for the time being of the directors or the company or failing him, one of the directors duly nominated by resolution of the board for that purpose shall forthwith be deemed to be the duly appointed attorney of the vendor with full power to execute, complete and deliver in the name and on behalf of the vendor a transfer of the shares to the purchasing member or the board may receive and give a good discharge for the purchase money on behalf of the vendor, and enter the name of the purchaser in the register of members as holder by transfer of the shares purchased by him.

22.        In the event of the whole of the said share not being sold under Articles 19 - 21 the vendor may, at any time within six calendar months after the expiration of the said 21 days, transfer the shares not sold to any person subject to Article 15 and at any price.

23.        Articles 17, 19, 20, 21 and 22 hereof shall not apply to a transfer to a person who is already a member of the Company, nor to a transfer merely for the purpose of effectuating the appointment of new trustees, nor to a transfer by personal represen-

/tatives to .....

20



- 5 -

tatives to a legatee under the will of, or to the husband, wife or next of kin of a deceased member, nor to a transfer by a trustee to a beneficiary provided that it is proved to the satisfaction of the board that the transfer bona fide falls within one of these exceptions.

24.     If a member fails to pay any call or instalment of a call authorized by Article 10 hereof, on the day appointed for payment thereof, the directors may, at any time thereafter during such time as any part of such call or instalment remains unpaid, serve a notice on him requiring payment of so much of the call or instalment as is unpaid, together with any interest which may have accrued.

25.     The notice shall name a further day (not earlier than the expiration of 14 days from the date of the notice) on or before which the payment required by the notice is to be made, and shall state that in the event of non-payment at or before the appointed day the shares in respect of which the call was made will be liable to be forfeited.

26.     If the requirements of any such notice as aforesaid are not complied with, any share in respect of which the notice has been given at any time hereafter, before the payment required by the notice has been made, be forfeited by a resolution of the directors to that effect and such forfeiture shall extend to any dividends in respect of any share so forfeited not actually paid at the date of the said notice.

27.     A forfeited share may be sold or otherwise disposed of on such terms and in such manner as the directors think fit and at any time before a sale or disposition to the forfeiture may be cancelled on such terms as the directors think fit.

28.     A person whose shares have been so forfeited shall cease to be a member in respect of the forfeited shares, but shall, notwithstanding remain liable to pay to the Company all moneys, which at the date of the forefeiture, were presently payable by him to the Company in respect of the shares, but this liability shall cease if and when the Company receives payment in full of the nominal amount of shares.

29.     The holders for the time being of four-fifths of the issued shares in the Company shall be entitled at any time to purchase exdividend all or any of the shares held by any other member of the Company at a price equal to the sum paid up thereof and upon the tender of that price by the holders of four-fifths of the issued shares to any other member for the shares held by him that member shall execute transfers to the shares to the members by whom the tender is made or their nominees in such shares and proportions as they shall direct.  If the member to whom the tender is made neglects or refuses to accept the sum tendered or to execute transfers of the shares, the Company may, on proof of his neglect or refusal, accept and give a good discharge for the money tendered on behalf of the member to whom the same shall have been tendered and the provisions of the following Article shall apply to the execution of a transfer of the shares and the registration of the members by whom the tender was made or their nominees as owners of the said shares.

30.     A statutory declaration in writing that the declarant is a director of the Company, and that a share in the

/Company .....

21

- 6 -

Company has been duly forfeited or expropriated on a date stated in the declaration shall be conclusive evidence of the facts therein stated as against all persons claiming to be entitled to the share. The Company may receive the consideration, if any, given for the share on any sale or disposition thereof and may execute a transfer of the share in favour of the person to whom the share is sold or disposed of and he shall thereupon be registered as the holder of the share, and shall not be bound to see the application to the pur-chase money, if any, nor shall his title to share be effected by any irregularity or invalidity in the proceedings in reference to the forefeiture or expropriation, sale or disposal of the share.

31.　　　　The provisions of these Articles as to forefeiture shall apply in the case of non-payment of any such sum which by the terms of issue of a share, become payable at a fixed time, whether on account of the amount of the share, or by way of premium, as if the same had been payable by virtue of a call duly made and notified.


## ALTERATION OF CAPITAL

32.　　　　The Company may from time to time by ordinary resolution increase the share capital by such a sum, to be divided into shares of such amounts as the resolution shall prescribe.

33.　　　　Subject to any direction to the contrary that may be given by the resolution sanctioning the increase of share capital, all new shares shall before issue, be offered to such persons as at the date of the offer are entitled to receive notices from the Company of general meetings in proportion, as early as the circumstances permit, to the amount of the existing shares to which they are entitled. The offer shall be made by notice specifying the number of shares offered, limiting a time within which the offer, if not accepted, will be deemed to be declined, and after the expira-tion of that time, or on receipt of an intimation from the person to whom the offer is made that he declines to accept the shares offered, the directors may dispose of the same in such manner as they think most beneficial to the Company. The directors may likewise so dis-pose of any new shares which (by reason of the ration which the new shares bear to the shares held by persons entitled to an offer of new shares) cannot, in the opinion of the Directors be conveniently offered under this Article.

34.　　　　The new shares shall be subject to the same pro-vision with reference to the payment of calls, lien, transfer, transmission, forfieture, expropriation, and otherwise as the shares in the original share capital.

35.　　　　The Company may by ordinary resolution:

　　　(a)　　　Consolidate and divide all or any of its share capital into shares of larger amounts than its shares;

　　　(b)　　　Subdivide its existing shares, or any of them into shares of similar amounts than is fixed by the Memo-randum of Association so, however, that in the subdivision the proportion between the amount paid and the amount, if any, unpaid on each reduced share shall be the same as it was in the case of the share from which the reduce share is divided;

/(c) .....

22

- 7 -

(c)    Cancel any share which at the date of the passing of the resolution, have not been taken or agreed to be taken by any person; and may by special resolution;

(d)    Reduce its share capital and any capital redemption reserve fund in any manner and with, and subject to, any incident authorized, and consent, required by law;

(e)    Convert all or any of its paid up shares into stock, and reconvert that stock into paid-up shares of any denomination.

## GENERAL MEETINGS

36.    The Company shall in each year hold a general meeting as its annual general meeting in addition to any other meetings in that year, and shall specify the meeting as such in the notice calling it. And not more than eighteen months shall elapse between the date of one annual general meeting and the next. Provided that so long as the Company holds its first annual general meeting with eighteen months of its incorporation, it need not hold it in the year of its incorporation or in the following year. The annual general meeting shall be held at such time and at such place as the directors shall appoint.

37.    All general meetings other than the annual general meeting shall be called extraordinary meetings.

38.    The directors may whenever they deem fit convene an extraordinary general meeting, and extraordinary general meetings shall also be convened on such requisition, or in default, may be convened by such requisitionists as are members of the Company holding at the date of the requisition not less than one-fourth of the paid-up capital of the Company as the date of the deposit of the requisition.

## PROCEEDINGS AT GENERAL MEETINGS

39.    An annual general meeting and a meeting called for the passing of a special resolution shall be called by 21 days' notice in writing at the least, and all other meetings by fourteen days' notice in writing at least. Such notice shall be exclusive of the day on which it is served or deemed to be served and the day for which it is given and shall specify the place, the day and the hour of meeting, and, in case of special business, the general nature of the business shall be given in manner hereinafter mentioned, or in such other manner if any, as may be described by the Company in general meeting to such persons as are under these Articles entitled to receive such notices from the Company; but with the consent of all the members entitled to receive notice of some particular meeting that meeting may be convened by such short notice and in such manner as these members think fit.

40.    The accidental omission to give notice of a meeting to, or the non-receipt of a notice of a meeting by any member shall not invalidate the proceedings at any meeting.

/41. .....



- 8 -

41.     All business shall be deemed special that is transacted at any extraordinary general meeting and all that is transacted at an annual general meeting, with the exception of sanctioning a dividend, the consideration of the accounts and balance sheet and the ordinary report of the directors, and auditors; the election of directors in the place of those retiring by rotation and the appoint and fixing of the remuneration of the auditors.

42.     No business shall be transacted at any general meeting unless a quorum of members is present in person or by proxy at a time when the meeting proceeds to business; save as herein otherwise provided two members personally present shall be a quorum.

43.     If within half an hour from the time appointed for the meeting a quorum is not present and the meeting is convened upon the requisition of members, it shall be dissolved. In any other case it shall stand adjourned to the same date next week at the same time and place, and if at the adjourned meeting a quorum is not present within half an hour from the time appointed for the meeting the meeting shall be dissolved.

44.     The chairman, if any, of the board of directors, shall preside as chairman at every general meeting of the Company.

45.     If there is no such chairman, or if at the meeting he is not present within fifteen minutes after the time appointed for holding the meeting or is unwilling to act as chairman, the members present shall choose someone of their number to be chairman.

46.     The chairman may, with the consent of any meeting at which a quorum is present (and if he shall be so directed by the meeting) adjourn the meeting from time to time, from place to place. When a meeting is adjourned for thirty days or more, notice of the adjourned meeting shall be given as in the case of an original meeting. Save as aforesaid it shall not be necessary to give notice of an adjournment or of the business to be transacted at any adjourned meeting.

47.     At any general meeting a resolution put to the vote of the meeting shall be decided on by a show of hands unless a poll is demanded by a shareholder or shareholders owning outright or voting by proxy at least ten (10) per cent of the issued shares of the Company (before or on the declaration of the results of the show of hands) and unless a poll is demanded, a declaration by the chairman that the resolution has on a show of hands been carried, or carried unanimously or by a particular majority, or lost an entry to that effect in the minute book shall be conclusive evidence of the fact, without proof of the number of votes recorded in favour of or against the resolution.

48.     In the case of an equality of votes whether on a show of hands or on a poll the chairman of the meeting of which the show of hands takes place, or at which the poll is demanded shall be entitled to a second or casting vote.

49.     If a poll is duly demanded it shall be taken in such manner as the chairman directs, and the results of the poll shall be deemed to be the resolution of the meeting at which the poll was demanded.

50.     A poll demanded on the election of a chairman, or on a question of an adjournment, shall be taken forthwith. A poll

/demanded .....

24



- 9 -

demanded on any other question shall be taken at such time as the chairman of the meeting directs.

51.     Any ordinary resolution of the Company determined without any general meeting and evidenced by writing under the hands of all the directors, or a sole director and of members of the Company holding three-fourths of the issued shares of the Company shall be valid and effectual as an ordinary resolution duly convened and held.


### VOTES OF MEMBERS

52.     On a show of hands every member present in person shall have one vote.  On a poll every member shall have one vote for each share of which he is the holder or holds a proxy.

53.     In the case of joint holders the vote of the senior who tenders the vote, whether in person or by proxy shall be accepted to the exclusion of the votes of the other joint holders; for this purpose seniority shall be determined by the order in which the names stand in the register of members.

54.     A member of unsound mind or in respect of whom an order has been made by any court having jurisdiction of lunacy, may vote, whether on a show of hands or on a poll, by his committee, curator bonis, or other person in the nature of a committee, or curator bonis appointed by that Court and any such committee, curator bonis or other person may on a poll vote by proxy.

55.     No member shall be entitled to vote shares at any general meeting unless all calls or other sums presently payable by him in respect of such shares in the Company have been paid.

56.     No objection shall be raised to the qualification of any voter except at the meeting or adjourned meeting at which the vote objected to is given or tendered and every vote not disallowed at such meeting shall be valid for all purposes.  Any such objection made in due time shall be referred to the chairman of the meeting whose decision shall be final and conclusive.

57.     Members may vote at any meeting either personally or by proxy, and for purpose of voting the proxy of a member shall stand in the same position as the member.  Voting trusts may be established by the members, except in so far as they may contravene express provisions of law, and the votes of voting trustees shall be recognized as valid.

58.     The instrument appointing a proxy shall be in writing under the hands of the appointed or of his attorney duly authorised in writing or if the appointor is a corporation either under the common seal or under the hand of an officer or attorney so authorized.  A member shall not be entitled to appoint more than one proxy to attend any occasion.

59.     The instrument appointing a proxy and the power of attorney or other authority, if any, under which it is signed or a notarially certified copy of that power of attorney shall be deposited at the registered office of the Company not less than forty-eight hours before the time for holding the meeting or adjourned

/meeting .....



- 10 -

meeting or taking of the poll at which the person named in the
instrument proposes to vote and in default the instrument of proxy
shall not be treated as valid.

60.   Any corporation which is a member of the Company
may by resolution of its directors or other governing body authorise
such persons as it thinks fit to act as its representatives at any
meeting of the Company and the person so authorized shall be entit-
led to exercise the same powers on behalf of the corporation which
he represents as that corporation would exercise if it were an indi-
vidual member of the Company.

## DIRECTORS

61.   The number of the Directors and the names of the
first Directors shall be determined in writing by the subscribers
of the Memorandum of Association, or a majority of them.  Until the
first Directors shall have been appointed the subscribers of the
Memorandum of Association shall be deemed for all purposes to be
the Directors save that Article 62 hereof is not made to apply.

62.   The qualification of a Director shall be the
holding in his own right and as sole holder of shares of the Company
to the nominal value of not less than $100.00   and it shall be the
duty of every Director to comply with the provisions of the Compan-
ies Act and any other law affecting the Company.

63. (a)  A Director may act before acquiring his qualifi-
cation but must acquire the same within two months after
his appointment or election.

(b)  The remuneration of the Directors shall be
determined by the Company in General meetings.

64.   The quorum of Directors for transacting business
shall, unless otherwise fixed by the Directors, be two.

65.   Subject as herein otherwise provided, or on the
terms of any agreement, the office of a Director shall be vacated:

(a)  If he becomes bankrupt, or suspends payment, or
compounds with his creditors;

(b)  If he becomes of unsound mind;

(c)  If he ceases to hold the amount of shares
required to qualify him for office, or does not obtain
the same within two months from the date of his appoint-
ment;

(d)  If by notice in writing to the Company, he
resigns his office.

66.   No Director shall be disqualified by his office
from contracting with the Company, either as a vendor or a purchaser
or otherwise, nor shall any such contract or arrangement entered into
by or on behalf of the Company, in which any Director shall be in any
way interest, be avoided, nor the Director so contracting, or being
interested, be liable to account to the Company for profit realized

/by any .....

26



by any such contract or arrangement, by reason of his being at the
same time a Director of the Company, or of the fiduciary relation
thereby established, but it is declared that the nature of his
interest must be disclosed by him at the meeting at which the con-
tract or arrangement is determined on, if his interest then exists
or if such interest is subsequently acquired be on the first occa-
sion possible must disclose to the Board the fact that he has
acquired such interest. But no Directors shall vote as a Director
in regard to any contract, agreement or dealing in which he is
interested or upon any matter arising thereout, and if he shall so
vote his vote shall not be counted, nor shall he be reckoned in
estimating a quorum whom such contract, arrangement, or dealing is
under consideration.

67.                A Director may hold office or place of profit in
the Company (except that of the Auditor) in conjunction with his
Directorship and be appointed thereto upon such terms as the remu-
neration, tenure of office, and otherwise, as the Directors may
arrange.

68.                A Managing Director shall not, while he continues
to hold office, be subject to retirement by rotation, and he shall
not be taken into account in determining the rotation or retirement
of Directors, but he shall, subject to the same provisions of any
contract between himself and the Company, be subject to the same pro-
visions as to resignation and removal as the other Directors of the
Company and if he ceases to hold the office of Director, he shall
ipso facto and immediately cease to be a Managing Director.

69.                The business of the Company shall be managed by
the Directors who may pay all such expenses of, and preliminary and
incidental to the promotion, formation, establishment and registra-
tion of the Company as he thinks fit, and may exercise such powers
of the Company and do on behalf of the Company all such acts as may
be exercised and done by the Company, and as are not by an Act for
the time being in force and effecting this Company, or by these
Articles required to be exercised or done by the Company in General
Meetings subject nevertheless to any regulations being not incon-
sistent with the aforesaid regulations or provisions as may be
prescribed by the Company in General Meeting; but no Regulations
made by the Company in general meeting shall invalidate any prior
act of the Board of Directors which would have been valid if such
regulations had not been made.

70.                All Contracts, Agreements, Deeds, Bonds, Demands
and Withdrawals or any form of negotiable instruments binding the
Company shall be signed by the Managing Director or any one other
Director for and on behalf of the Company.

71.                The continuing Directors may act at any time,
notwithstanding any vacancy in their body; provided always that in
case the Directors shall at any time be reduced in number to less
than 2, it shall be lawful for such a Director to act as Director
for the purpose of filling vacancies in their body, or of summoning
a General Meeting of the Company, but not for any other purpose.

72.                The Company's Banking Account shall be kept with
such Bank or Bankers as the Directors shall from time to time deter-
mine.  All moneys, bills and notes belonging to the Company shall be
paid to or deposited with the Company's Bankers into an account to
be opened in the name of the Company.  Cheques on the Company's Ban-
kers shall be signed by a Managing Director until otherwise from

                                        /time to .....



- 12 -

time to time resolved by the Directors.

## ROTATION OF DIRECTORS

73. The Company may from time to time in General Meeting increase or reduce the number of Directors.

74. Any casual vacancy occurring in the Board of Directors may be filled by the Directors, but any person so chosen shall retain his office only until the next following ordinary Meeting of the Company and shall then be eligible for re-election.

75. The Company may, by special resolution, remove any ordinary Director, before the expiration of his period of office, any may, if thought fit, by Ordinary Resolution, appoint another in his stead; but any person so appointed shall retain his office so long only as the Director or in whose place he is appointed would have held the same if he had not been removed.

## PROCEEDINGS OF DIRECTORS

76. The Directors may meet together for the dispatch of business, and adjourn, or otherwise regulate their meetings as they think fit. Questions arising at any meeting shall be decided by a majority of votes. In case of an equality in votes the Chairman shall have an additional or casting vote.

77. The Directors may from time to time elect a Chairman, who shall preside at meetings of the Directors, and determine the period for which he is to hold office, but if no such Chairman be elected or if at any meeting the Chairman be not present within ten minutes after the time appointed for holding the same, the Directors present shall choose one of their number to be Chairman of such meeting.

78. The Directors may delegate any of their powers to committees, consisting of such member or members of their body as they think fit. Any committee so formed shall in the exercise of the powers so delegated, conform to any regulations that may be imposed upon it by the Directors.

79. A Committee may elect a Chairman of its meetings. If no such Chairman is elected, or if at any meeting the Chairman is not present within ten minutes after the time appointed for holding the same, the members present may choose one of their number to be Chairman of the Meeting.

80. A Committee may meet and adjourn as its members think proper. Questions arising at any meeting shall be determined by a majority of votes of the members present and in case of an equality of votes the Chairman shall have a second or casting vote.

81. The Directors shall cause proper minutes to be made of all General Meetings of the Company, and also all appointments of officers and of the proceedings of all meetings of Directors and Committees, and of the attendances thereat and all business transacted at such meetings, and any such minutes of any meeting, if

/purporting .....



- 13 -

purporting to be signed by the Chairman of such meeting, or by the Chairman of the next succeeding meeting shall be conclusive evidence without any further proof of the facts therein stated.

82.        A resolution in writing signed by all the Directors shall be as effective for all purposes as a resolution passed at a meeting of the Directors, duly convened, held and constituted.

### DIVIDENDS AND RESERVES

83.        The Company in General Meeting may declare dividends, but no dividend shall exceed the amount recommended by the Directors.

84.        The Directors may from time to time pay to the members such interim dividends as appear to the Directors to be justified by the profits of the Company.

85.        Subject to the rights of members, if any, entitled to special rights as to dividends on account of holding shares with special or preferential rights, all dividends shall be declared and paid only upon shares that have been issued to members and according to the amounts that have been paid upon such shares.  No amount paid on a share in advance of calls shall while carrying interest be treated for the purpose of this Article as paid on the share.

86.        The Directors may, before recommending any dividends, set aside out of the profits of the Company such sums as they think proper as a reserve which shall, at the discretion of the Directors, be applicable for meeting contingencies, or for equalizing dividends, or for any other purpose to which the profits of the Company may be properly applied, and pending such application, may, at the like discretion, either be employed in the business of the Company or be invested in such investment (other than shares of the Company) as the Directors may from time to time think fit.

87.        If several persons are registered as joint holder of any share, any one of them may give effectual receipts for any dividend payable on the share.

### ACCOUNTS

88.        The Managing Director shall cause proper books of accounts to be kept with respect to:

   (i)    All sums of money received and expended by the Company, and matters in respect of which the receipt and expenditure takes place;

   (ii)   All sales and purchases of goods of the Company;

   (iii)  The Assets and Liabilities of the Company.

The term proper books of Accounts means such books as are necessary to give a true and fair view of the state of the Company's affairs and to explain its transactions.

/89. ......

29



- 14 -

89.          The books of account shall be kept at the Registered Office of the Company, or at such other place or places as the Directors think fit, and shall always be opened to the inspection of the Directors.

90.          The Directors shall from time to time determine whether and to what extent and at what time and places and under what conditions or regulations the accounts and books of the Company or any of them shall be opened to the inspection of members not being Directors, and no member not being a Director shall have any right of inspecting any account or book or document of the Company, except as confirmed by statute or authorised by the Directors or by the Company in General Meeting.

91.          The Directors shall from time to time cause to be prepared and to be laid before the Company in General Meeting such profit and loss accounts, balance sheets, group accounts if any and reports as are referred to in the following sections.

92.          A copy of every balance sheet (including every document required by law to be annexed thereto) which is to be laid before the Company in general meeting, together with a copy of the auditor's report, shall not less than 21 days before the date of the meeting be sent to every member of, and every holder of debentures of the Company and to every person registered, provided that this regulation shall not require a copy of those documents to be sent to any person of whose address the Company is not aware or to be more than one of joint holders of any shares or debentures.

## CAPITALIZATION OF PROFITS

93.          The Company in General Meeting may upon the recommendations of the Directors resolve that it is desirable to capitalize any part of the amount for the time being standing to the credit of any of the Company's reserved accounts or to the credit of the profit and loss accounts or otherwise available for distribution, and accordingly that such sum be set free for distribution, amongst the members who would have been entitled to it if distributed by way of dividends in the same proportions on condition that the same be not paid in cash but be applied either in or towards paying up amounts for the time being unpaid on any shares held by such members respectively or paying up in full on issued shares or debentures of the Company to be allotted and distributed, credited as fully paid up to and among such members in the proportion aforesaid or partly in one way and partly in the other way, and the Directors shall give effect to such resolution.  Provided that a Share Premium Account and a Capital Redemption Reserved Fund may, for the purpose of this regulation, only be applied in the paying up of unissued shares to be issued to members of the Company as fully paid bonus shares.

94.          Whenever such resolution as aforesaid shall have been passed the Directors shall make all appropriations and applications of the undivided profits resolved to be capitalized thereby, and all allotments and issues of fully paid shares or debentures, if any, and generally shall do all acts and things required to give the effect thereto with full power to the Directors to make such provisions by the issue of fractional certificates or by payment in case or otherwise as they think fit in the case of shares or debentures becoming distributable in fractions, and also to authorise any person to enter on behalf of all the members entitled thereto into an agreement with the Company providing for the allotment to them respectively credited as fully paid up, of any further shares or debentures to which they may be entitled upon such capitalization,

/or (as the .....

30



- 15 -

or (as the case may require) for the payment by the Company on their
behalf by the application thereto of their respective proportions of
the profits resolved to be capitalized of the amounts or any part of
the amounts remaining unpaid on their existing shares, and any agree-
ment made under such authority shall be effective and binding on all
such members.

## AUDIT

95.        Auditors shall be appointed and their duties regu-
lated by the Directors at a General Meeting and in accordance with
the provisions of the Company's Act or any statutory modification
thereof for the time being in force.

## NOTICES

96.        A notice may be given by the Company to any member
either personally or by sending it by post to him or to his regis-
tered address.  Where a notice is sent by post, service of the notice
shall be deemed to be effected by properly addressing, prepaying and
posting a letter containing the notice, and unless the contrary is
proved, shall be deemed to have been effected at the time at which
the letter would be delivered in the ordinary course of post.

97.        A notice may be given by the Company to the joint
holders of a share by giving the notice to the joint holder whose
name appears first in the Register in respect of the shares.

98.        A notice may be given by the Company to the person
entitled to a share in consequence of the death or bankruptcy of a
member by sending it through the post in a registered letter addressed
to them by name or to the personal representatives of the deceased, or
trustees of the bankrupt.

99.        Notice of every General Meeting shall be given in
the manner hereinbefore authorized to:-

    (a)        Every Member of the Company except those mem-
    bers who have not supplied to the Company an address
    within the West Indies for the giving of notices to them;

    (b)        Every person entitled to a share in consequence
    of a death or bankruptcy of a member, but who, for his
    death or bankruptcy, would be entitled to receive notice
    of the meeting;

    (c)        The auditors for the time being of the Company.

No other person shall be entitled to receive notices of General Meetings.

## WINDING UP

100.        If the Company shall be wound up by a liquidator
appointed by the Directors, may with the sanction of an extraordinary

/resolution .....

31



- 16 -

resolution of the Company and any other sanction required by the Company's Act, divide amongst the members in specie or in kind the whole or any part of the assets of the Company (whether they shall consist of property of the same kind or not) and may, for such purposes set such value as he deems fair upon any property to be divided as aforesaid and may determine how any property to be divided as aforesaid and may determine how such divisions shall be carried out as between the different classes of shareholders. The liquidator may, with the like sanction, distribute the whole or any part of such assets in trust for the benefit of the members as the liquidator (with the like sanction) shall think fit, but that no members shall be compelled to accept any shares or other securities whereon there is any liability.

101.         Every Director, Managing Director, Agent, Auditor, Secretary and other officer for the time being of the Company shall be indemnified out of the assets of the Company against any liability incurred by him in defending any proceedings, whether civil or criminal, in which judgment is given in his favour or in which he is acquitted or in connection with any application under the Company's Act in which release is granted to him by the Court.

IN WITNESS WHEREOF, WE, the several persons whose names and addresses are subscribed being desirous of being formed into a Company in pursuance to these Articles of Association, in having heretofore subscribed to a Memorandum of Association, and agreed to take the number of shares in the capital of the Company set opposite our respective names, do hereby adopt the aforesaid Articles of Association.

| Names, addresses & description | Number of shares taken by each subscriber |
|---|---|
| JAMES A. STANFORD<br>706 S. Ross Avenue<br>P.O. Box 147<br>Mexia<br>Texas 76667<br>U. S. A. | 1 |
| ALLEN STANFORD<br>706 S. Ross Avenue<br>P.O. Box 147<br>Mexia<br>Texas 76667<br>U. S. A. | 1 |

Dated this 22nd day of November, 1985.

Witness to the above signatures:

33