# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA PENDERGEST-HOLT, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3712 |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S OF LONDON AND ARCH | § | |
| SPECIALTY INSURANCE CO., | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motions for Payment for Legal Services ("Motions") [Docs. # 367 and # 368], in which attorneys representing Plaintiff R. Allen Stanford in his criminal case seek payment from Defendants for services they rendered between September 16, 2010, and October 13, 2010. Defendant Certain Underwriters at Lloyd's of London ("Underwriters") filed a Response [Doc. # 369] in opposition to the Motions, and the attorneys filed a Reply [Doc. # 371]. Having reviewed the full record, including without limitation the injunction as modified by the United States Court of Appeals for the Fifth Circuit, the Court **denies** the Motions.

R. Allen Stanford is an insured under a Directors and Officers Liability ("D&O") Policy issued by Underwriters. The D&O Policy required Underwriters to pay defense costs and expenses, but contained a "Money Laundering Exclusion" that

"bars coverage for loss (including defense costs) resulting from any claim arising directly or indirectly as a result of or in connection with any act or acts (or alleged act or acts)" of money laundering, as that term is defined in the Policy.  The D&O Policy also provides that Underwriters will pay costs and expenses "no more than once every 60 days" until such time as it is determined that the money laundering in fact occurred.

Stanford and other insureds under the D&O Policy sought and obtained a preliminary injunction prohibiting Underwriters from withdrawing coverage for their defense against criminal charges and a civil action brought by the Securities and Exchange Commission.  The United States Court of Appeals for the Fifth Circuit modified the preliminary injunction to enjoin Underwriters "from refusing to advance defense costs as provided for in the D&O Policy unless and until a court determines 'that the alleged act or alleged acts [of Money Laundering] did in fact occur.'" *Pendergest-Holt v. Certain Underwriters at Lloyd's of London*, 600 F.3d 562, 576 (5th Cir. 2010).  The case was then transferred to the undersigned for a preliminary decision regarding whether Underwriters could establish that Stanford engaged in money laundering.

Following discovery, the Court conducted a lengthy evidentiary hearing in August 2010.  On September 30, 2010, Underwriters made a payment of defense costs

for services rendered during the 60-day period between July 16, 2010, and September 15, 2010. On October 13, 2010, this Court issued its Opinion, in which the Court concluded that Underwriters met its burden to show that the Money Laundering Exclusion applied and that coverage of defense costs was not required by the D&O Policy. *See* Opinion [Doc. # 352], p. 45. Based on its findings of fact and conclusions of law following the evidentiary hearing, the Court vacated the preliminary injunction. *See id.*

Stanford's attorneys now seek payment for services rendered between September 16, 2010, and the Court's October 13, 2010 Opinion vacating the preliminary injunction.[1] The preliminary injunction as modified by the Fifth Circuit enjoined Underwriters from "refusing to advance defense costs as provided for in the D&O Policy" until such time as a court determined that an exclusion in the Policy applied. The D&O Policy required payment "no more than once every 60 days." Underwriters, in compliance with the modified preliminary injunction, made a payment of defense costs on September 30, 2010. No payment was due "as provided for in the D&O Policy" until November 30, 2010. Before the November 30 payment was due, however, this Court vacated the preliminary injunction, having found a

---

[1] The Court notes that neither motion includes an amount claimed for legal services or any supporting billing records describing the legal services for which payment is requested.

substantial likelihood that the Money Laundering Exclusion applied and that Underwriters did not owe coverage under the D&O Policy to Stanford. As of the November 30, 2010 due date for payment "as provided for in the D&O Policy" there was no injunction enjoining Underwriters from refusing to advance defense costs. Consequently, Underwriters is not required to make the November 30, 2010 payment for services rendered between September 16, 2010 and October 13, 2010.[2] It is hereby

**ORDERED** that the Motions for Payment for Legal Services [Docs. # 367 and # 368] are **DENIED**.

SIGNED at Houston, Texas, this 15th day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge

---

[2] This ruling is not intended to affect in any way whether Stanford's attorneys may ultimately be entitled to recover for the legal services they provided between September 16, 2010, and October 13, 2010. The Court merely finds that Underwriters is no longer enjoined from refusing to advance those costs at this point in the proceedings.